UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
Environmental Enforcement Section
By:   Elise S. Feldman (EF1204)
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3483

UNITED STATES ATTORNEY
District of New Jersey
By:  Susan Steele
Federal Building, 7th Floor
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

Attorneys for Plaintiff United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>A.O.  CORPORATION and 4.18 ACRES<br>LOCATED IN SPARTA TOWNSHIP, )<br>NEW JERSEY )<br><br>Defendant. ) | CIVIL ACTION NO. 04-5918 (WGB) |

**CONSENT JUDGMENT
AND ORDER OF SALE**

1

# I. **BACKGROUND**

A.     The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("U.S. EPA"), filed a verified complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred in connection with the release and threatened release of hazardous substances at the A.O. Polymer Superfund Site, comprising 4.18 acres more or less located in Sparta Township, New Jersey ("the Defendant Property"). The United States alleged that the Defendant Property is a "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

B.     The United States asserted in the complaint, and continues to assert, that the Defendant Property is liable in rem for costs incurred in connection with the government's response action.

C.     The United States claims that it incurred more than $1,751,000 and that it has not recovered any of its response costs incurred in connection with the Defendant Property.

D.     On or about November 12, 2004, U.S. EPA perfected a lien on Defendant Property pursuant to Section 107(l) of CERCLA, 42 U.S.C. § 9607(l).

E.     The United States served copies of the Verified Complaint in this matter on all individuals, business entities and government entities that the United States was aware of that might have liens, claims or other interests in the Defendant property.

F.     On or about February 14, 2005, the United States served a copy of the Verified Complaint and a Notice of Complaint Against Real Property to both the titleholder of record, A.O. Corporation, at its address of record and upon the Treasurer of the State of New Jersey.

2

The United States also served the widow of the deceased owner of A.O. Corporation in hand on March 21, 2005. The United States posted a Notice of Complaint Against Real Property on the Site, in the U.S. District Courthouse for the District of New Jersey on January 20, 2005 and January 26, 2005 respectively, and published notice of the complaint as a legal notice in the New Jersey Herald on the following dates: March 23, 30 and April 6, 2005.

G.     Interested Parties have asserted their rights in this case by filing answers and statements of interest, or, in the case of the State of New Jersey, by filing a separate State court action against A.O. Corporation. No other entities, including A.O. Corporation, the owner of record, have asserted any rights in this case.   Interested Parties do not dispute that: (1) the Defendant Property is a "facility" as defined by CERCLA, 42 U.S.C. § 9601(9); (2) there has been a release or threatened release of a hazardous substance from the site; (3) the release or threatened release has caused the United States to incur response costs; and (4) the owner of the Defendant Property is a liable party pursuant to 42 U.S.C. § 9607(a).

H.     On September 15, 2005, the court issued a default judgment against A.O. Corporation for failing to reply to the Verified Complaint.

I.     The New Jersey Department of Environmental Protection ("DEP") and the Administrator have incurred and continue to incur costs, including response costs, pursuant to CERCLA, and cleanup and removal costs, as defined under the Spill Act, N.J.S.A. 58:10-23.11b in connection with the Defendant Property. DEP as trustee for natural resources has incurred, and will continue to incur, damages, including reasonable assessment costs, for the injury to, destruction of, or loss of any natural resource resulting from the release of hazardous substances

3

at the Defendant Property.   DEP and the Administrator have more then $280,000.00 in outstanding costs and damages in connection with the Defendant Property.

       J.     The Township of Sparta, in its answer, asserted that it holds tax liens on the property in the combined amount of $89,821.69.

       K.    MD Sass Municipal Finance Partners-II, ("MD Sass") in its answer, asserted that it purchased tax liens from the Township of Sparta secured by the Site in the amount of $24,181.13.

       L.     The Parties agree, and this Court by entering this Consent Judgment and Order of Sale ("Consent Judgment") finds, that this Consent Judgment has been negotiated in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Judgment is fair, reasonable, and in the public interest.

       THEREFORE, with the consent of the Parties to this Judgment, it is ORDERED, and ADJUDGED:

## II.  JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has jurisdiction over the Parties and Defendant Property.   The Parties consent to and shall not challenge entry of this Consent Judgment on the basis of this Court's jurisdiction to enter and enforce this Consent Judgment.

## III.  PARTIES BOUND

2.     This Consent Judgment is binding upon: the United States; the Administrator of the New Jersey Spill Compensation Fund; the New Jersey Department of Environmental Protection; the Township of Sparta; MD Sass; and A.O. Corporation. Any transfer of assets or real or personal

property, or any change in legal status, including but not limited to any change in the status of any Party, shall in no way alter the status or responsibilities of such Party, including heirs, successors or assigns, under this Consent Judgment.

## IV. DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Judgment that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Judgment or in any appendix attached hereto, the following definitions shall apply:

a.      "Administrator" means the Administrator of the New Jersey Spill Compensation Fund, who is appointed pursuant to N.J.S.A. 58:10-23.11j.

b.      "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 - 9675.

c.      "Consent Judgment" means this Consent Judgment and Order of Sale and all appendices attached hereto.  In the event of conflict between the body of this Consent Judgment and any appendix, the Consent Judgment shall control.

d.      "Day" means a calendar day.  In computing any period of time under this Consent Judgment, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e.      "Defendant Property" means the real property located in the Township of Sparta, New Jersey, also known as the A.O. Polymer Superfund Site, consisting of approximately 4.18 acres of land, as described and depicted generally on the property description attached as Attachment A.

5

f.      " EPA" means the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

g.      "EPA Hazardous Substance Superfund" means the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

h.      "Fair Market Value" means the price at which a property would change hands between a willing buyer and a willing seller at arm's length and under actual market conditions, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts.

i.      "Interest" means interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

j.      "Interested Parties" means the Administrator of the New Jersey Spill Compensation Fund, the New Jersey Department of Environmental Protection, the Township of Sparta, MD SASS, and the United States.

k.      "Net Sales Proceeds" means the total value of all consideration for the Transfer of the Defendant Property less the transaction costs incurred by the Parties in conducting the sale including but not limited to the costs of advertising and appraisal as set forth in Paragraph 10 herein.

l.      "Paragraph" means a portion of this Consent Judgment identified by an Arabic numeral or an upper or lower case letter.

m.      "Parties" means the United States and the Interested Parties.

6

n.    "Response Costs" means all costs, including but not limited to direct and indirect costs, that U.S. EPA or DOJ on behalf of U.S. EPA has paid or incurred in connection with the Defendant Property through the date of lodging of this Consent Judgment, plus accrued Interest on all such costs through such date.

o.    "Section" means a portion of this Consent Judgment identified by a Roman numeral.

p.    "Transfer" means each conveyance by Marshals Deed under the terms of sale contained in the Consent Judgment.

q.    "United States" means the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENTS

4.    The Clerk of the Court shall pay from the Net Sale Proceeds:

a.    Ten percent (10%) of the Net Sales to the State of New Jersey;

b.    Four percent (4%) of the remaining Net Sales Proceeds to Township of Sparta;

c.    1 percent (1)% of the remaining Net Sales Proceeds to MDSASS;

d.    Eighty-five (85%) of the remaining Net Sale Proceeds to the EPA Hazardous Substances Superfund.

5.    Payment to the EPA Hazardous Substance Superfund shall be made by Electronic Funds Transfer ("EFT") in accordance with current EFT procedures to be provided to the Clerk of the Court by the United States Attorney's Office for the District of New Jersey. Each EFT or check

shall reference the name and address of the party making payment, the Site name, the U.S. EPA

Region and Site/Spill ID Number 02L3, and DOJ Case Number 90-11-3-07502 and shall be sent

to:

> U.S. Environmental Protection Agency, Region II
> Superfund Accounting
> P.O. Box 360188M
> Pittsburgh, PA 15251

   At the time of any payment(s), notice that payment(s) has (have) been made shall be sent

according to the specifications in Section VIII (Notices and Submissions).

6.      Payment to the New Jersey Spill Compensation Fund and the Department of

Environmental Protection shall be made by check made payable to "Treasurer, State of New

Jersey" and mailed to Richard Engel, Section Chief, Cost Recovery/NRD Section, R.J. Hughes

Justice Complex, 25 Market Street, P.O. Box 093, Trenton, New Jersey 08625.

   (a)      Payment to the Township of Sparta shall be made by check made payable to the

Township of Sparta" and mailed to Sparta Municipal Building, c/o Mr. HenryUnderhill,

Township Manager, 65 Main Street, Sparta, New Jersey 07871.

   (b)      Payment to MD Sass shall be made by check made payable to: MD Sass

Municipal Finance Partners-II and mailed to 1185 6th Avenue, 18th Floor New York, NY 10036.

   (c)      At the time of any payment(s), notice that payment(s) has (have) been made shall

be sent according to the specifications in Section VIII (Notices and Submissions).

## VI. <u>EXECUTION AND SALE OF DEFENDANT PROPERTY</u>

7.      Following entry of this Consent Judgment, the property is to be appraised by a competent

professional appraiser to be selected by the United States.  The United States shall, in the first instance, pay the appraiser's costs and fees and shall be reimbursed from sale proceeds by payment by the United States Marshal prior to distribution as set forth in Paragraph 4 above.

      a.      Following entry of this Consent Judgment and appraisal of the Defendant Property, sale of the Defendant Property shall proceed in accordance with 28 U.S.C.  § 2001(b) (Sale of realty generally) and § 2002 (Notice of sale of realty) under the auspices of the United States Marshals Service within 90 days of the entry of this Consent Judgment or if the appraisal is completed after the 90 day period, within 30 days after the date of appraisal.

8.     The sale of the Defendant Property shall take place at the United States Courthouse, 50 Walnut Street, Newark, New Jersey, and it shall proceed according to the requirements for confirmation of a public sale pursuant to 28 U.S.C. § 2001 and the adequacy of the amount of the high bid shall be subject to approval by the United States in its sole discretion after reasonable opportunity for consultation with the interested parties, except that any interested party bidding on the property may not be consulted if the possibility for a conflict of interest exists.

9.     The terms of sale shall be cash.  The successful bidder, called "purchaser" herein, upon approval of his bid by the authorized representative of the United States present at the sale, shall be required to deposit with the United States Marshal cash or cash equivalent equal to twenty percent (20%) of the total bid immediately upon the property being struck off and awarded to him as the highest and best bidder; and the remaining eighty percent (80%) of the purchase price

9

shall be paid to the United Sates Marshal within thirty (30) days of written notice to purchaser

that the United States Marshal has received a certified copy of the Order Confirming Sale and is

prepared to deliver to purchaser a deed to the property at a time and place specified.

10.     The purchaser shall be liable for payment of the purchase money, whether he attends and

received his deed at such time and place or not; and in case he neglects to receive his deed and

pay the balance of the purchase money, as aforesaid, the United States Marshal will have the

option of either readvertising the property and selling it again, or of proceeding to compel the

purchaser to complete his purchase; and in the event of a resale if property should produce a

lesser sum than the former bid, interest and expenses, the purchaser will be held liable for the

difference; but if it should produce a larger sum than the former bid, interest and expenses, the

purchaser shall not receive any benefit thereby.

11.     The bidding will be kept open after the property is struck off; and in the event that the

purchaser fails to comply with any of the above conditions of sale, the United States Marshal, at

his option, may again immediately put up the premises for sale, subject to the same conditions,

and the original purchaser shall be held liable for any deficiency and shall not receive benefits

from any increased bid.

12.     In the case that the United States does not approve the bid, or that no bid is received at

the Sale, the United States Marshal shall readvertise and sell the property at a time not less than

6  months after the sale.

13.     The reference, to "he," "his" or "him, relating to the purchaser shall be held to apply to

one or more individuals, male or female, or a corporation or corporations.

14.     The purchaser shall be liable for any and all realty transfer taxes and recording fees that may be required by any law.

15.     Confirmation of sale  shall issue without the necessity of further notice or of a motion, or upon motion of the plaintiff, the purchaser, or any party in this cause, or by the Court upon its own motion, and the United States Marshal be directed to deliver his deed to the purchaser.

16.     The purchaser takes the property subject to such facts as inspection of the property and publicly available records may reveal, and takes the property strictly as is.

17.     The 4.18 acre property was listed on the National Priorities List ("NPL") on September 1, 1983.  A 3.76-acre portion known at the "Facility Area" was deleted from the NPL on August 26, 2002 following EPA's and NJDEP's determination that the Facility Area portion does not pose a significant threat to human health, welfare, or the environment and that all appropriate response actions have been completed at the Facility Area portion.  See Notice of Deletion at 67 FR 54744 (August 26, 2002) and Notice of Intent for Partial Deletion at 67 FR 41914 (June 20, 2002).  Attached hereto as Attachment B.  The remaining 0.42-acre of land and the contaminated groundwater under the 4.18 acres remain on the NPL.  Continued access to the property by EPA, NJDEP and their authorized representatives is required to monitor the groundwater and to operate and maintain the selected remedy.  Further information regarding the response actions at the property is contained in EPA and DEP Site files and may be obtained by contacting EPA's Remedial Project Manager, Rich Puvogel, 290 Broadway, 19th Floor, New York, NY  10007-1866, (212) 637-4410 or by electronic mail to puvogel.rich@epa.gov; and DEP's Project Manager, Cynthia Pfleiderer at (609) 984-7906 or by electronic mail to

Cynthia.Pfleiderer@dep.state.nj.us.

18.    As a provision of the sales contract or through separate access agreement, the purchaser shall agree to provide access for a period of 20 years to EPA, NJDEP and their authorized representatives to the property for the limited purpose of maintaining groundwater wells and monitoring groundwater, and for the operations and maintenance of the selected remedy on the .42 acre portion of the site described above.

19.    The purchaser takes the property as described in the attached property description and subject to all liens as proper search of the records may disclose;  however, upon distribution of sales proceeds as set forth in paragraph 4 above, the United States and each of the Interested Parties shall fully release their liens on the property.

## VII.  EFFECT OF SETTLEMENT

20.    Nothing in this Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Agreement.  The United States and the Interested Parties each reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not an Interested Party.

## VIII.  NOTICES AND SUBMISSIONS

21.    Whenever, under the terms of this Agreement, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at

12

the addresses specified below, unless those individuals or their successors give notice of a

change to the other Party in writing.  Written notice as specified herein shall constitute complete

satisfaction of any written notice requirement of this Agreement with respect to the United States

and the Interested Parties.

As to the United States:

      DOJ
      Chief, Environmental Enforcement Section
      Environment and Natural Resources Division
      United States Department of Justice
      P.O. Box 7611
      Washington, D.C. 20044-7611
      Re: DOJ # 90-11-3-07502

      Environmental Protection Agency
      New Jersey Remediation Branch
      Emergency and Remedial Response
      U.S. EPA Region 2
      290 Broadway
      New York, NY 10007-1866
      Attn: AO Polymer Corporation Superfund Site Remedial Project Manager

      New Jersey Superfund Branch
      Office of Regional Counsel
      U.S. EPA Region 2
      290 Broadway, 17th Floor
      New York, NY 10007-1866
      Attn: A.O. Polymer Site Attorney

      Financial Management Branch
      Dana Anderson
      U.S. EPA
      26 W. Martin Luther King Drive
      Attention: FINANCE
      MS: NWD
      Cincinnati, Ohio 45268
      AcctsReceivable.CINWD@eps.gov

As to Interested Parties:

New Jersey Spill Compensation Fund
Richard Engel, Section Chief
Cost Recovery/NRD Section
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, NJ 08625-0093

Township of Sparta
Angelo Bolcato
Laddey, Clark & Ryan
60 Blue Heron Road
Sparta, New Jersey 07871-2600

Henry Underhill, Township Manager
Sparta Township Municipal Building
65 Main Street
Sparta, NJ 07871

MD Sass
Robin London-Zeitz
201 Barclay Pavilion West
Cherry Hill, NH 08034

## IX.  RETENTION OF JURISDICTION

22.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and

enforcing the terms of this Consent Judgment.

## X.  INTEGRATION

23.    This Consent Judgment constitutes the final, complete and exclusive agreement and

understanding among the Parties with respect to the settlement embodied in this Consent

Judgment.   The Parties acknowledge that there are no representations, agreements or

understandings relating to the settlement other than those expressly contained in this Consent

Judgment. This Consent Judgment incorporates the following attachment: <u>Attachment A</u> Legal Description of Defendant Property and <u>Attachment B</u> Notice of Deletion at 67 FR 54744 (August 26, 2002) and Notice of Intent for Partial Deletion at 67 FR 41914 (June 20, 2002).

## XI. <u>LODGING AND OPPORTUNITY FOR PUBLIC COMMENT</u>

24.    This Consent Judgment shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Judgment disclose facts or considerations which indicate that this Consent Judgment is inappropriate, improper, or inadequate. The Interested Parties consent to the entry of this Consent Judgment without further notice.

25.    If for any reason this Court should decline to approve this Consent Judgment in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XII. <u>EFFECTIVE DATE</u>

26.    The effective date of this Consent Judgment shall be the date upon which it is entered by the Court.

## XIII. <u>SIGNATORIES/SERVICE</u>

27.    The undersigned representatives of Interested Parties and the United States, or their duly designated representatives, certify that he or she is authorized to enter into the terms and conditions of this Consent Judgment and to execute and bind legally such Party to this document.

15

28.    Interested Parties hereby agree not to oppose entry of this Consent Judgment by this

Court or to challenge any provision of this Consent Judgment.

29.    Interested Parties shall identify, on the attached signature pages, the name and address of

an agent who is authorized to accept service of process by mail on behalf of that Party with

respect to all matters arising under or relating to this Consent Judgment.   Interested Parties

hereby agree to accept service in that manner and to waive the formal service requirements set

forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this

Court, including but not limited to, service of a summons.

## XIV.  **FINAL JUDGMENT**

30.    Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment

shall constitute the final judgment between and among the Parties.  The Court further finds that

there is no just reason for delay and therefore enters this judgment as a final judgment under Fed.

R. Civ. P. 54 and 58.


SO ORDERED THIS 31ST DAY OF May, 2007.

_____
United States District Court Judge


16

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of U.S. v. 4.18
Acres of Land, Township of Sparta, New Jersey, Civil Action No. 04-5918(WGB) relating to the
A.O. Polymer Corporation Superfund Site.

FOR THE UNITED STATES OF AMERICA DEPARTMENT OF
JUSTICE

Date: _____

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
Washington, D.C. 20530

Date: 12-21-06

ELISE S. FELDMAN
Trial Attorney
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-3483

CHRISTOPHER J. CHRISTIE
United States Attorney
District of New Jersey

SUSAN STEELE
Assistant United States Attorney
Peter Rodino Federal Building
970 Broad Street, Suite 700
Newark, NJ 07102

17

FOR THE UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY

Date: _12/11/06_

GEORGE PAVLOU, Director
Emergency and Remedial Response Division
Region II
U.S. Environmental Protection Agency

Date: _12/19/06_

FRANCES MARIA ZIZILA
Assistant Regional Counsel
U.S. Environmental Protection Agency

18

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of U.S. v. 4.18 Acres of Land, Township of Sparta, New Jersey, Civil Action No. 04-5918(WGB) relating to the A.O. Polymer Corporation Superfund Site.

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION

Dated: 10/5/06

Irene Kropp
Assistant Commissioner, Site Remediation & Waste Management

NEW JERSEY SPILL COMPENSATION FUND

Dated: 16/4/06

Leonard J. Romino,
Administrator, New Jersey Spill Compensation Fund

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION

Dated: 10/20/06

Amy Cradic
Assistant Commissioner, Natural & Historic Resources

ANNE MILGRAM
ACTING ATTORNEY GENERAL OF NEW JERSEY

Dated: 10/20/06

Jennifer Killough Herrera
Deputy Attorney General

**PAGE 20 INTENTIONALLY OMITTED**

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of U.S. v. 4.18 Acres of Land, Township of Sparta, New Jersey, Civil Action No. 04-5918(WGB) relating to the A.O. Polymer Corporation Superfund Site.

FOR TOWNSHIP OF SPARTA

Date: _____

Manny Goldberg, Mayor
Sparta Township Municipal Building
65 Main Street
Sparta, NJ 07871

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Henry Underhill, Township Manager
Sparta Township Municipal Building
65 Main Street
Sparta, NJ 07871

21

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of U.S. v. 4.18 Acres of Land, Township of Sparta, New Jersey, Civil Action No. 04-5918(WGB) relating to the A.O. Polymer Corporation Superfund Site.

FOR MD SASS

Date: 9/5/06

Name:John M. de Guzman
Title:Manager
Address:1185 Ave of the Americas
18th Floor
New York, NY 10036

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Robin London-Zeitz, Esquire

Title: Zeitz & Stein, LLC

Address: 201 Barclay Pavilion West
Cherry Hill, NJ 08043